IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KBR, INC., | § | |
|       Plaintiff | § | |
| v. | § | Civil Action: _____ |
| | § | |
| JOHN CHEVEDDEN | § | |
|       Defendant. | § | |

## Plaintiff's Original Complaint

Plaintiff KBR, Inc. ("KBR") files this complaint for declaratory judgment against defendant John Chevedden ("Chevedden").

### I.

### Parties

1. Plaintiff KBR is a Delaware corporation, with its principal office and principal place of business in Houston, Texas.

2. Defendant Chevedden is an individual residing in Redondo Beach, California and may be served with process and a copy of this complaint at 2215 Nelson Avenue, No. 205, Redondo Beach, CA 90278.

### II.

### Jurisdiction and Venue

3. This Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331, and has diversity jurisdiction over this matter under 28 U.S.C. § 1332. This Court also has jurisdiction over this matter under § 27 of the Securities Exchange Act of 1934, 15 U.S.C. § 78aa because the act or transaction about which defendant has complained may be enforced in this district, and because Chevedden has transacted business in this district with respect to the matters at issue in this lawsuit.

4. There is an actual controversy between KBR and Chevedden. Chevedden has requested the inclusion of a proposal in KBR's proxy statement for its annual meeting of stockholders even though Chevedden has failed to provide the required proof of ownership that is a necessary (but not itself sufficient) requirement for the inclusion of a proposal in KBR's proxy materials. This action involves amounts in excess of the minimum jurisdictional requirements of this Court.

5. Personal jurisdiction and venue are proper in this district because Chevedden directly and intentionally has transacted business in this district that goes to the heart of the matters at issue here. Chevedden sent KBR a letter in this district seeking to influence how KBR conducts business under the guise of what Chevedden calls a "elect each director annually" proposal in KBR's proxy materials, and for consideration at KBR's next annual shareholder meeting in May 2011, which will be held in this district. Chevedden has sought to influence the manner in which KBR conducts its business in this district, even though he has failed to demonstrate that he is a record holder of KBR stock. A substantial part of the events giving rise to, and at issue in, this lawsuit occurred in this district.

III.

Facts

6. On November 22, 2010, Chevedden submitted a proposal for inclusion in KBR's upcoming proxy statement purportedly in reliance on Rule 14a-8 under the Securities Exchange Act of 1934, 17 CFR 240.14a-8. In his November 22, 2010 cover letter attaching his proposal, Chevedden says "This proposal is submitted for the next annual shareholder meeting." KBR's next annual shareholder meeting is scheduled for May 2011 in Houston, Texas.

7. The proposal requests that KBR "take the steps necessary to reorganize the Board of Directors into one class with each director subject to election each year and to complete this transition within one-year."

8. According to official SEC records, Chevedden appears to be the single most persistent proponent or proxy of purported shareholder proposals in history. Since December 9, 1994 when Chevedden submitted his first proposal, proposals for which Chevedden has been proponent or proxy have been the subject of over 950 SEC staff no-action letters, eclipsing the next most frequently mentioned shareholder proponent, the AFL-CIO Reserve Funds.

9. In the past ten proxy seasons, Chevedden's proposals accounted for over 11.2% (879 out of 7,837) of all proposals considered by the SEC staff in no-action letters. Even that stunning ten year percentage is low compared to recent years. Chevedden's proposals accounted for over 23.8% (45 out of 189) of all SEC staff no-action letters in the 2010 proxy season, over 17.8% (148 out of 831) of all no-action letters in the 2009 proxy season, and over 13.8% (102 out of 737) of all no-action letters in the 2008 proxy season.

Chevedden's Proposal
<u>Improperly Omits Proof of Stock Ownership</u>

10. In his November 22, 2010 cover letter to his proposal, Chevedden says that "Rule 14a-8 requirements are intended to be met including continuous ownership of the required stock value until after the date of the respective shareholder meeting and presentation of the proposal at the annual meeting." Chevedden did not, however, include the requisite proof of his ownership of KBR stock as required by Rule 14a-8.

11. Rather, Chevedden attached a letter dated November 22, 2010 from RAM Trust Services ("RTS") that, in its entirety, states: "Ram Trust Services is a Maine chartered non-depository trust company. Through us, Mr. John Chevedden has continuously held no less than

200 shares of KBR, Inc. (KBR) common stock, CUSIP #48242W106, since at least November 7, 2009. We in turn hold those shares through The Northern Trust Company in an account under the name Ram Trust Services."

12. This November 22, 2010 letter from RTS is the only purported "proof" of ownership that Chevedden provided to KBR and, as of today, remains the only purported "proof" that he has provided. Chevedden did not submit a letter or anything else from The Northern Trust Company, did not submit a letter or anything else from The Depository Trust Corporation, and did not submit a letter or anything else from any other person or entity. The November 22, 2010 letter from RTS stands alone.

13. RTS is not registered as a broker with the SEC, is not registered as a broker with the self-regulating industry organization FINRA, and is not registered as a broker with the self-regulating industry organization SIPC.

14. Upon receipt of Chevedden's purported proof of ownership, KBR reviewed its list of record owners of KBR stock to determine and verify whether either Chevedden or RTS actually was a record holder of KBR stock who even arguably could be eligible to submit a proposal for inclusion in KBR's proxy statement. Neither Chevedden, nor RTS is listed in KBR's stock records as a record holder of KBR common stock.

### KBR's "Deficiency Notice" to Chevedden

15. On December 6, 2010, KBR sent Chevedden a letter (the "Deficiency Notice") informing him of his failure to comply with the requirements of Rule 14a-8, and KBR explained:

> Based on our review of the information provided by you and of the relevant records and regulatory materials, we have been unable to conclude that the proposal meets the requirements for inclusion in the proxy, and unless you can demonstrate you meet these requirements in the proper time frame, we may seek to exclude your proposal from the 2010 proxy statement.
> . . .

Pursuant to the SEC's Rule 14a-8(b), since neither you nor Ram Trust Services is a record owner of KBR common stock, nor from their letter does it appear that Ram Trust Services is a custodial institution, you must either:

(1) Submit to KBR a written statement from the record holder of the securities (usually a broker or bank) that is a direct record holder of KBR stock verifying that at the time the proposal was submitted you continuously held the requisite securities for at least one year; or

(2) If you have filed a Schedule 13D (17 C.F.R. § 240.13d-101), Schedule 13G (17 C.F.R. § 240.13d-102), Form 3 (17 C.F.R. § 249.103), Form 4 (17 C.F.R. § 249.104) and/or Form 5 (17 C.F.R. § 249.105), or amendments to those documents or updated forms, reflecting ownership of the shares as of or before the date on which the one-year eligibility period begins, you may demonstrate eligibility by submitting to the company: (A) a copy of the schedule and/or form, and any subsequent amendments reporting a change in your ownership level; and (B) your written statement that you continuously held the required number of shares for the one-year period as of the date of the statement.

Please note that to be considered a timely response under the SEC's Rule 14a-8(f), all of the documentation requested in this letter must be sent to my attention at the above address within 14 calendar days of the date you receive this request.

16.   Chevedden responded 10 days later on December 16, 2010 and asserted that "Based on the October 1, 2008 Hain Celestial no-action decision, Ram Trust Services is my introducing securities intermediary and hence the owner of record for purposes of Rule 14a-8(b)." Chevedden did not even attempt to cure the defect by submitting a written statement from The Northern Trust Company referenced in the November 22, 2010 RTS letter, and likewise did not submit a written statement from The Depository Trust Company, did not submit a written statement from any record holder of his purported shares, and did not submit a written statement from anyone else. Chevedden did not submit any additional written statement or any other information at all. Even if Chevedden had timely submitted some unspecified hypothetical additional materials – he didn't and hasn't even tried – he very well still may have failed to satisfy Rule 14a-8(b)(2)'s eligibility requirements.

## Chevedden's Failure to Prove Eligibility
## Under the Court's 2010 Decision in *Apache v. Chevedden*

17. Rule 14a-8(b)(2) places on Chevedden the burden of proving his eligibility at the time he submitted his proposal. In *Apache Corp. v. Chevedden*, 696 F.Supp.2d 723, 739 (S.D. Tex. 2010), the Honorable Lee H. Rosenthal of the United States District Court for the Southern District of Texas confirmed with respect to Rule 14a-8(b) that "The Rule requires shareholders to 'prove [their] eligibility.'" In the *Apache v. Chevedden* case, Chevedden had submitted a purported shareholder proposal for inclusion in Apache's proxy statement. Apache filed suit in this Court asserting that Chevedden failed to submit the requisite proof of ownership of Apache common stock as required by SEC Rule 14a-8(b), and Apache sought a declaratory judgment that Apache properly may exclude Chevedden's proposal from its proxy materials.

18. On March 10, 2010, Judge Rosenthal granted Apache's motion for declaratory judgment, found that "Chevedden has failed to meet the Rule's [14a-8(b)(2)] requirements," and concluded that "Apache may exclude Chevedden's proposal from its proxy materials." 696 F.Supp.2d at 741. In her opinion, Judge Rosenthal explained that:

> Although section 14 of the Securities Exchange Act of 1934 (governing proxies), under which Rule 14a-8 as promulgated, was intended to "give true vitality to the concept of corporate democracy," *Medical Comm. for Human Rights v. SEC*, 432 F.2d 659, 676 (D.C. Cir. 1970), *cert. granted sub nom SEC v. Medical Comm. for Human Rights*, 401 U.S.973, 91 S. Ct. 1191 (1971), *vacated as moot*, 404 U.S. 403, 92 S. Ct. 577 (1972), that does not necessitate a complete surrender of a corporation's rights during proxy season. Rule 14a-8 requires a shareholder seeking to participate to register as a shareholder or prove that he owns a sufficient amount of stock for a sufficient period to be eligible. Although this court concludes that Rule 14a-8(b)(2) is not as restrictive as Apache contends, on the present record, Chevedden has failed to meet the Rule's requirements.

*Id.*

19. As here, the only timely purported "proof" of ownership that Chevedden provided was a letter from RTS that is nearly identical in all material respects to the letter Chevedden

provided to KBR here. In *Apache v. Chevedden,* Judge Rosenthal considered the evidence regarding RTS's purported status as a broker in light of the publicly available information about RTS's status as an investment advisor, and Judge Rosenthal explained that "The nature of RTS's corporate structure, including whether RTS is or is not an 'investment adviser' is not determinative of eligibility. But the inconsistency between the publicly available information about RTS and the statement in the letter that RTS is a 'broker' underscores the inadequacy of the RTS letter, standing alone, to show Chevedden's eligibility under Rule 14a-8(b)(2)." *Id.* at 740. Judge Rosenthal noted that "here, there are valid reasons to believe the letter is unreliable as evidence of the shareholder's eligibility." *Id.*

20. Chevedden's failure this time around to provide anything more than the insufficient November 22, 2010 letter from RTS is hard to explain as anything other than casting further doubt on Chevedden's claimed status as a KBR shareholder and as further demonstrating his failure to establish his eligibility under Rule 14a-8(b) to submit a proposal. If Chevedden had bothered to read the Court's opinion finding against him, he would know that the RTS letter he submitted to KBR this time is just as suspect and insufficient as was the RTS letter at issue in *Apache v. Chevedden.* The fact that Chevedden yet again has failed to provide the required proof of his eligibility under Rule 14a-8(b)(2) – and, worse, has made the same insufficient offering – just heightens the already considerable doubt about Chevedden's status as a shareholder.

21. Whether or not Chevedden truly is a holder of KBR common stock, he has failed to comply with Rule 14a-8(b)(2), he has failed to establish his eligibility to submit a proposal, he timely has been advised of his defects, and he has failed to cure his defects. KBR is entitled to a declaration that it properly may exclude Chevedden's proposal from KBR's proxy materials in accordance with Rule 14a-8(b) and (f).

22. In accordance with Rule 14a-8(j), concurrent with the filing of this complaint, KBR is submitting a letter to the U.S. Securities and Exchange Commission (the "SEC") notifying the SEC that KBR intends to exclude Chevedden's proposal from the proxy materials for KBR's upcoming annual meeting of stockholders.

IV.

Declaratory Judgment

23. KBR incorporates the allegations above.

24. In accordance with 28 U.S.C. § 2201, an actual controversy exists between KBR on the one hand, and Chevedden on the other hand.

25. Rule 14a-8(b)(1) provides that "In order to be eligible to submit a proposal, you must have continuously held at least $2,000 in market value, or 1% of the company's securities entitled to be voted on the proposal at the meeting for at least one year by the date you submit the proposal." Chevedden failed to submit the requisite proof.

26. Rule 14a-8(b)(2)(i) provides that "if like many shareholders you are not a registered holder . . . you must prove your eligibility . . . [by submitting] to the company a written statement from the *'record' holder* of your securities (usually a broker or bank) verifying" your ownership of company stock. Neither Chevedden, nor his purported introducing broker RTS, is a record holder of KBR stock.

27. Rule 14a-8(f) provides that "The company may exclude your proposal, but only after it has notified you of the problem, and you have failed adequately to correct it." KBR timely notified Chevedden of the defect in his proposal. Chevedden failed to correct the defect.

28.   Accordingly, KBR seeks, and is entitled to, a declaration that it properly may exclude Chevedden's proposal from KBR's proxy materials in accordance with Rule 14a-8(b) and (f).

29.   KBR also seeks, and is entitled to, its attorneys' fees and expenses in connection with obtaining this declaratory relief.

V.

Relief Sought

30.   KBR requests that this Court declare that KBR properly may exclude Chevedden's proposal from KBR's proxy materials in accordance with Rule 14a-8(b) and (f) of the Securities and Exchange Act of 1934. KBR also respectfully requests that it have judgment against Chevedden for costs of court, attorneys' fees and expenses, and such other and further relief to which KBR justly is entitled.

Dated: January 14, 2011

Respectfully submitted,

/s/ Geoffrey L. Harrison
Geoffrey L. Harrison
Attorney-in-Charge
Texas State Bar No. 00785947
SD/TX Admissions No. 16690
Chanler A. Langham
Texas State Bar No. 24053314
SD/TX Admissions No. 659756
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, #5100
Houston, TX 77002
Tel.: (713) 651-9366
Fax: (713) 654-3367
E-mail: gharrison@susmangodfrey.com
E-mail: clangham@susmangodfrey.com

*Attorneys for Plaintiff KBR, Inc.*