United States Courts
Southern District of Texas
FILED

FEB 1 4 2011

, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KBR, INC., | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Civil Action 4:11-cv-00196 |
| | § | |
| JOHN CHEVEDDEN | § | |
| | § | |
| Defendant | § | |

**MOTION AND MEMORANDUM OF LAW FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION, STATUTORY STANDING, AND CONSTITUTIONAL STANDING PURSUANT TO FED. R. CIV. P. 12(b)(1).**

## I. MOTION FOR DISMISSAL FOR LACK OF PERSONAL JURISDICTION

The defendant has no material contacts with Texas. He has a *de minimus* investment in the plaintiff's securities and hence, a *de minimus* economic interest in the outcome of this lawsuit. Consequently, it does not make economic sense for the defendant to hire a lawyer to represent him in this matter nor has the defendant been able to locate a lawyer who will represent him *pro bono*. If this lawsuit were brought in a federal district court near the defendant's residence in Southern California, he could represent himself *pro se* and he would not be so severely disadvantaged by, for all practical purposes, being forced to conduct long distance litigation. It is particularly important that the defendant appear in person in this case because the plaintiff, in its filings, has maligned the defendant's character. While the defendant vigorously disputes the plaintiff's scurrilous and irrelevant accusations, they are obviously designed to prejudice this court against him. Only an in person appearance can allow the court to fairly assess the defendant's demeanor.

On the other hand, the plaintiff is a huge corporation with more than $5 billion in assets and would suffer minimal or no harm if it simply re-filed its complaint in Southern California. Moreover, its legal counsel has an office in Los Angeles. The disparity in (1) the parties' resources and (2) the degree of inconvenience in attending court in person in Houston vs. Southern California are compelling circumstances that this court should consider in deciding this motion. In order to avoid these inequities, this court should exercise its discretion to decline to provide declaratory relief and should dismiss this case for lack of personal jurisdiction.

## II. MOTION FOR DISMISSAL FOR LACK OF STATUTORY STANDING

With its decision in *Alexander v. Sandoval*, 532 U.S. 275 (2001), the Supreme Court marked a sea change in the law relating to judicially-implied private causes of action. In *Sandoval* the Court held that a private cause of action could not be brought to enforce the disparate-impact regulations issued under Title VI of the Civil Rights Act of 1964. *Id.* at 293. The Court noted that "[t]he judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." *Id.* at 286. In reviewing statutory language, courts must first determine whether it contains "rights-creating" language. Such explicit rights-creating language is evidenced in statutory provisions that include phrases such as: "no person . . . shall . . . be subjected to discrimination." *Id.* at 289. If rights-containing

language is present, a reviewing court must then inspect whether the statute's remedial schemes entrust government agencies or private parties with primary responsibility for statutory enforcement. *Id.* at 288-89. Finally, the Court emphasized that statutory intent is the determinative factor in the judicial inquiry, and that when such intent is not manifest, "a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Id.* at 287.

In *Gonzaga University v. Doe*, 536 U.S. 273, 276 (2002) the Court reaffirmed its pronouncements in *Sandoval*, when it held that the Family Educational Rights and Privacy Act of 1974 ("FERPA"), 88 Stat. 571, 20 U.S.C. § 1232g, did not create personal rights that were enforceable under 42 U.S.C. § 1983. The Court noted that in order to give rise to individual rights, a statute's language must convey "an *unmistakable focus* on the benefited class." *Gonzaga*, 536 U.S. at 284 (emphasis in original) (internal quotation marks omitted).

Section 14(a) of the Securities Exchange act of 1934 reads as follows:

> It shall be unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 12.

Section 14(a) contains no "rights-creating" language and no reference to a private remedy. Hence, there is no private right of action for the plaintiff under Section 14(a). Even if this court finds such an implied private right of action, it would be limited solely to beneficiaries of the statute, i.e., those investors that are actually given a proxy. Nothing in Section 14(a) implies that an issuer like the plaintiff can bring a lawsuit against a shareholder to enforce the statute or any rule promulgated under it, or to obtain declaratory relief regarding its provisions. Therefore, the plaintiff does not have statutory standing and this lawsuit should be dismissed.

### III. MOTION FOR DISMISSAL FOR LACK OF CONSTITUTIONAL STANDING

The complaint does not allege that the defendant has threatened to cause the plaintiff to suffer an injury in fact absent the requested declaratory relief. Without a pleaded injury in fact, the plaintiff cannot satisfy the standing criteria of Article III of the U.S. Constitution. As a result, this court does not have subject matter jurisdiction over this action.

Under Article III, all federal courts only have jurisdiction to hear "cases" and "controversies." In *Lujan v. Defenders of Wildlife*, 504 U.S. at 560 (1992), the Supreme Court set forth the requirements a plaintiff must meet to establish constitutional standing to sue in federal court.

> Over the years, our cases have established that the irreducible constitutional minimum of standing contains three elements: First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally-protected interest which is (a) concrete and particularized, see *id.*, at 756, 104 S.Ct., at 3327; *Warth v. Seldin*, 422 U.S. 490, 508, 95 S.Ct. 2197, 2210, 45 L.Ed.2d 343 (1975); *Sierra Club v. Morton*, 405 U.S. 727, 740-741, n. 16, 92 S.Ct. 1361, 1368-1369, n. 16, 31 L.Ed.2d 636 (1972); and (b) "actual or imminent, not 'conjectural' or 'hypothetical,' "*Whitmore, supra,* 495 U.S., at 155, 110 S.Ct., at 1723 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665, 75 L.Ed.2d 675 (1983)). Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." Simon v. Eastern Kentucky Welfare Rights Org., 426 U.S. 26, 41-42, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id.*, at 38, 43, 96 S.Ct., at 1924, 1926. (footnote omitted)

The failure of the plaintiff to establish that any of the three *Lujan* tests are met requires dismissal. Most importantly, the plaintiff has not -- and cannot -- allege, articulate or establish any actual or threatened "injury in fact" to any legally protected interest that is attributable to the defendant's actions. Absent the requested declaratory judgment, the plaintiff may elect to include the defendant's proposal to declassify its board of directors in its proxy materials and allow its shareholders to vote on the proposal at the annual meeting. Or it may elect to exclude the proposal. As noted in Section II above, no private party including the defendant has statutory standing to bring an action to require the plaintiff to include his proposal in its proxy materials and, in fact, the defendant has never threatened to, or brought, such an action against any issuer. Therefore, any purported "injury in fact" to the plaintiff is self-imposed and not attributable to the defendant's actions.

If the plaintiff elects to exclude the defendant's proposal from its proxy materials (based upon its own assessment that such an action does not violate the law) it would assume the risk of an enforcement action initiated by the Securities and Exchange Commission. Even if that risk qualifies as an "injury in fact," it is not "fairly . . . trace[able]" to the defendant's actions.

Rather, it is solely the result of an independent decision that might be made by the Commission. If the plaintiff wishes to exclude the defendant's proposal from its proxy materials and eliminate the risk of an SEC enforcement action, it can sue the Commission for a declaratory judgment.

In essence, the plaintiff is seeking an advisory opinion which this court has no authority to issue. Because there is no allegation that the defendant has caused or will imminently cause the plaintiff to incur an injury in fact, the plaintiff cannot meet the minimum requirement for constitutional standing and therefore, this case must be dismissed for lack of subject matter jurisdiction.

## IV. CONCLUSION

For all of the above reasons, the defendant respectfully requests this court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1).

Dated: February 11, 2011

Respectfully submitted

John Chevedden
Pro se
2215 Nelson Ave. No. 205
Redondo Beach, Calif. 90278
PH: 310-371-7872
olmsted7p@earthlink.net

Certificate of Service

I certify that on February 11, 2011 this motion was sent overnight to the Clerk of the Court. A copy of this motion is also being provided to Geoffrey L. Harrison, plaintiff's attorney.

John Chevedden