IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KBR, INC., | § § § | |
| Plaintiff | § § | Civil Action: 4:11-cv-00196-LHR |
| v. | § § | |
| JOHN CHEVEDDEN | § § | |
| Defendant. | § § | |

## KBR's Brief on the Merits

## Table of Contents

Page

I.   Facts ..................................................................................................................1

II.  KBR is Entitled to Exclude Chevedden's Proposal under Rule 14a-8(b) ............................2

III. Conclusion ..........................................................................................................8

## Table of Authorities

### Cases

*Apache Corp. v. Chevedden*,
  696 F. Supp. 2d 723 (S.D. Tex. 2010) .................................................................................... passim

*Hall v. Tyco Int'l*,
  223 F.R.D. 219 (M.D. NC 2004) .................................................................................................. 3

*Medical Comm. for Human Rights v. SEC*,
  432 F.2d 659 (D.C. Cir. 1970) ...................................................................................................... 4

*Schwarz v. Folloder*,
  767 F.2d 125 (5th Cir. 1985) ........................................................................................................ 8

*SEC v. Medical Comm. for Human Rights*,
  401 U.S. 973, 91 S. Ct. 1191 (1971) ............................................................................................. 4

### Statutes, Rules and Regulations

FRCP 54(d)(1) .................................................................................................................................. 8

Investment Advisers Act of 1940, 17 C.F.R. § 275.206 .................................................................. 6

Rule 14a-8, 17 C.F.R. § 240.14a-8 ............................................................................................ passim

This Court should declare that KBR properly may exclude defendant John Chevedden's purported shareholder proposal from KBR's proxy materials in accordance with Rule 14a-8(b) and (f), promulgated under the Securities Exchange Act of 1934, 17 CFR 240.14a-8. Chevedden failed to satisfy his burden of proving his eligibility under Rule 14a-8(b) to submit a shareholder proposal for inclusion in KBR's proxy materials, just as he failed last year in *Apache Corp. v. Chevedden*, 696 F. Supp. 2d 723, 739 (S.D. Tex. 2010) (Rosenthal, J.).

I.
Facts

The relevant facts are documented and are not in dispute. On November 22, 2010, Chevedden submitted a proposal for inclusion in KBR's upcoming proxy statement purportedly in reliance on Rule 14a-8. (X-1). Chevedden attached a letter from RAM Trust Services ("RTS") also dated November 22, 2010 that, in its entirety, states:

> Ram Trust Services is a Maine chartered *non-depository trust company*. Through us, Mr. John Chevedden has continuously held no less than 200 shares of KBR, Inc. (KBR) common stock, CUSIP #48242W106, since at least November 7, 2009. We in turn *hold those shares through The Northern Trust Company* in an account under the name Ram Trust Services.

(X-2) (all emphasis in this motion is added).

On December 6, 2010, KBR sent Chevedden a detailed letter informing him of his failure to comply with the requirements of Rule 14a-8 and explaining the deficiencies. (X-3).

On December 16, 2010, Chevedden responded and asserted that "Based on the October 1, 2008 Hain Celestial no-action decision, Ram Trust Services is my introducing securities intermediary and hence the owner of record for purposes of Rule 14a-8(b)." (X-4). Chevedden did not mention this Court's decision in *Apache Corp. v. Chevedden*, and did not attempt to cure his defects by submitting a written statement from The Northern Trust Company, from The Depository Trust Company, or from anyone else.

On January 13, 2010, KBR filed its Complaint in this action, and informed the SEC that it had done so and that it "intends to exclude [Chevedden's] Proposal from its proxy materials in reliance on Rule 14a-8(b) and 14a-8(f) unless a United States District Court rules that the Company is obligated to include the Proposal in its 2011 Proxy Materials." (Instrument No. 1).

## II.
### KBR is Entitled to Exclude Chevedden's Proposal under Rule 14a-8(b)

Rule 14a-8 sets forth the rules and regulations that govern "when a company must include a shareholder's proposal in its proxy statement and identify in its form of proxy when the company holds an annual or special meeting of shareholders." The introduction to Rule 14a-8 advises shareholders that "In summary, in order to have your shareholder proposal included on a company's proxy card, and included along with any supporting statement in its proxy statement, *you must be eligible and follow certain procedures*." Perhaps the most fundamental eligibility requirement for submitting shareholder proposals is that proposal proponents prove they actually are shareholders. Rule 14a-8(b)(2) places this burden of proof on the purported shareholders, and provides in relevant part that:

> "at the time you submit your proposal, *you must prove your eligibility to the company* in one of two ways: . . . (i) The first way[1] is to submit to the company a written statement from the "record" holder of your securities (usually a broker or bank) verifying that, at the time you submitted your proposal, you continuously held the securities for at least one year. You must also include your own written statement that you intend to continue to hold the securities through the date of the meeting of shareholders; . . . ."

*See also Apache v. Chevedden*, 696 F. Supp. 2d at 739.

Rule 14a-8(b)(2) squarely places the burden of proof on purported shareholder Chevedden such that he "*must prove* your eligibility to the company," "*at the time* you submit

---

[1] The "second way" involves publicly filed records of ownership like Schedule 13Ds, and does not apply here. *See* Rule 14a-8(b)(2)(ii).

2

your proposal," by "submit[ting] to the company a written statement *from the 'record' holder* of your securities." Rule 14a-8(b)(2)'s requirement that, in order to prove his shareholder status and eligibility, Chevedden "must" submit "a written statement from the 'record' holder of [his] securities" is a serious and considered requirement. In § C.2. of its September 15, 2004 Staff Legal Bulletin No. 14B, the SEC staff again confirmed Rule 14a-8(b)(2)'s clear requirement that *"the shareholder proponent 'must' prove its eligibility by submitting . . . a written statement from the 'record' holder of the securities"*. (X-5). In §.C.1.c.(1) of its July 13, 2001 Staff Legal Bulletin No. 14, the SEC staff reinforced and codified the "record" holder requirement and explained that a written statement from an "investment adviser" is "insufficient."

> Does a *written statement from the shareholder's investment adviser* verifying that the shareholder held the securities continuously for at least one year before submitting the proposal demonstrate sufficiently continuous ownership of the securities?
>
> The written statement must be from the record holder of the shareholder's securities, which is usually a broker or bank. Therefore, unless the investment adviser is also the record holder, the statement would be *insufficient under the rule*.

(X-6).[2]

In *Apache Corp. v. Chevedden*, 696 F. Supp. 2d at 728, this Court confirmed that Rule 14a-8(b)(2) "requires shareholders to 'prove [their] eligibility.'" In the *Apache v. Chevedden* case, Chevedden had submitted a purported shareholder proposal for inclusion in Apache's

---

[2] Likewise, Rule 14a-8(f) addresses this question: "What if I fail to follow one of the eligibility or procedural requirements explained in answers to Questions 1 through 4 of this section? 1. *The company may exclude your proposal*, but only after it has notified you of the problem, and you have failed adequately to correct it." *See also Hall v. Tyco Int'l*, 223 F.R.D. 219, 246 (M.D. NC 2004) (upholding exclusion of a shareholder proposal and explaining that "If the shareholder fails to meet the eligibility requirements for filing a shareholder proposal . . . the company may exclude the proposal from its proxy materials.").

3

proxy statement. Apache filed suit and alleged that Chevedden failed to submit the requisite proof of ownership of Apache common stock as required by Rule 14a-8(b), and sought a declaratory judgment that it properly may exclude Chevedden's proposal from its proxy materials. This Court granted Apache's motion for declaratory judgment, found that "Chevedden has failed to meet the Rule's [14a-8(b)(2)] requirements," concluded that "Apache may exclude Chevedden's proposal from its proxy materials," and explained that:

> Although section 14 of the Securities Exchange Act of 1934 (governing proxies), under which Rule 14a-8 as promulgated, was intended to "give true vitality to the concept of corporate democracy," *Medical Comm. for Human Rights v. SEC*, 432 F.2d 659, 676 (D.C. Cir. 1970), *cert. granted sub nom SEC v. Medical Comm. for Human Rights*, 401 U.S. 973, 91 S. Ct. 1191 (1971), *vacated as moot*, 404 U.S. 403, 92 S. Ct. 577 (1972), that does not necessitate a complete surrender of a corporation's rights during proxy season. Rule 14a-8 requires a shareholder seeking to participate to register as a shareholder or prove that he owns a sufficient amount of stock for a sufficient period to be eligible. Although this court concludes that Rule 14a-8(b)(2) is not as restrictive as Apache contends, on the present record, Chevedden has failed to meet the Rule's requirements.

696 F. Supp. 2d at 741.

Chevedden did not provide a letter from The Northern Trust Company,[3] from The Depository Trust Corporation ("DTC"), from DTC's nominee Cede & Company, or from any other person or entity. RTS's letter is the only purported "proof" of ownership that Chevedden has provided to KBR in an attempt to satisfy his burden of proving his eligibility to submit a proposal under Rule 14a-8(b). And, according to RTS's November 22, 2010 letter, RTS is a "non-depository trust company," and Northern Trust, not RTS, holds the shares. (X-2).

---

[3] In *Apache v. Chevedden*, unlike here, Chevedden *did* provide a letter from The Northern Trust Company, albeit an untimely one. This Court noted that "The January 22 Northern Trust letter refers to RTS's account and RTS's stock ownership; the RTS letter submitted that same day linked RTS's account with Northern Trust to Chevedden. Because these letters were submitted well after the deadline, this court does not decide whether they would have been sufficient." 696 F.Supp.2d at 741. This year, in this case, Chevedden has not submitted any letter, untimely or otherwise, from Northern Trust.

4

Last year, in *Apache v. Chevedden*, the only timely purported "proof" of ownership that Chevedden provided was a near-identical letter from RTS. This Court considered the evidence regarding RTS's purported status as an "introducing broker" in light of the conflicting publicly available information about RTS's status as an investment advisor, and explained that:

> RTS is not a participant in DTC. It is not registered as a broker with the SEC, or the self-regulating industry organizations FINRA and SIPC. Apache argues that RTS is not a broker but an investment adviser, citing its registration as such under Maine law, representations on RAM's website, and federal regulations barring an investment adviser from serving as a broker or custodian except in limited circumstances. (Docket Entry No. 18 at 14-19). Chevedden disputes that RTS has not provided investment advice and that its "sole function is as a custodian." (Docket Entry No. 17 at 3). The record suggest that Atlantic Financial Services of Maine, Inc., a subsidiary of RTS that is also not a DTC participant, may be the relevant broker rather than RTS. Atlantic Financial Services did not submit a letter confirming Chevedden's stock ownership. RTS did not even mention Atlantic Financial Services in any of its letters to Apache. The nature of RTS's corporate structure, including whether RTS is or is not an 'investment adviser' is not determinative of eligibility. But the inconsistency between the publicly available information about RTS and the statement in the letter that RTS is a 'broker' underscores the inadequacy of the RTS letter, standing alone, to show Chevedden's eligibility under Rule 14a-8(b)(2).

*Id.* at 740. This Court noted that "there are valid reasons to believe the [RTS] letter is unreliable as evidence of the shareholder's eligibility." *Id.*

Chevedden's RTS letter this year suffers from the same "inconsistency," "inadequacy," and "unreliable" nature as his RTS letter last year. RTS still is an investment advisory firm that, according to its website, "provides superior, highly personalized and fully integrated financial services primarily to high net worth families, individuals and private foundations." (X-7). RTS still is not registered as a broker with the SEC, is not registered as a broker with the self-regulating industry organization FINRA (X-8), and is not registered as a broker with the self-regulating industry organization SIPC (X-9). *See also Apache v. Chevedden*, 696 F. Supp. 2d at 740. In addition:

5

- On its website, RTS says that "*Unlike many investment managers*, Ram Trust Services is never content to rely solely on outside sources of information in assessing our investments." (X-7); *see also* www.ramtrust.com/strategy.htm.

- On its website, RTS refers to itself as "*investment advisors who invest in tandem with our clients.*" *Id.*

- In its filings with the SEC, RTS calls itself an "investment adviser" that must comply with the Investment Advisers Act of 1940. (X-10 at 4) ("We, as members of management of Ram Trust Services, Inc. (the Company) are responsible for complying with the requirements of Rule 204-2(b), *Books and Records to be Maintained by Investment Advisers*, and Rule 206(4)-2, *Custody or Possession of Funds or Securities of Clients*, of the Investment Advisers Act of 1940.").

- While RTS refers to itself on its website and in its SEC filings as "investment managers" and "investment advisors," it does not call itself a "broker" or an "introducing broker."

- RTS does not purport to be, and could not legally be, the custodian or holder of Chevedden's alleged KBR stock. The Investment Advisers Act of 1940, 17 C.F.R. § 275.206(4)-2(a), makes it "a fraudulent, deceptive, or manipulative act" for an investment adviser "to have custody of client funds or securities" unless it's a "Qualified Custodian." RTS is *not* a "Qualified Custodian" because it is not a bank, a "broker-dealer registered under section 15(b)(1) of the Securities Exchange Act of 1934," a futures commission merchant, or a foreign financial institution. *See* 17 C.F.R. § 275.206(4)-2(c)(3). RTS is "a registered investment adviser" and it is not, and cannot be, the holder of Chevedden's purported KBR stock.[4]

- RTS's own form of "Investment Management Agreement" confirms that it is not a broker or introducing broker. RTS's subsidiary Atlantic Financial – *not* RTS – is an introducing broker. (X-11 at ¶ 6) ("RAM will execute all requested purchases and sales of securities through Atlantic Financial Services of Maine, Inc. ("AFS"), or another registered broker-dealer of RAM's selection. The Client acknowledges that ***AFS is an introducing broker*** that is an affiliate of both RAM TRUST COMPANY and Ram Trust Services, Inc."). Based on its own statements, RTS *is* an investment adviser, is *not* a broker, is *not* an introducing broker, and is *not* the record holder of Chevedden's purported KBR stock.

The publicly available (and conflicting) information indicating that RTS is an investment advisor – contrary to Chevedden's unsupported assertion to the contrary – is further confirmation

---

[4] RTS's November 22, 2010 letter confirms it is not a custodian. (X-2). Despite the public information about RTS to the contrary, Chevedden seems to dispute that RTS is an investment advisor. If that's so, one wonders what exactly RTS *does* for Chevedden.

6

that Chevedden has failed to meet his burden of proving his eligibility under Rule 14a-8(b). *Cf.* (X-6) (section C.1.c.(1) of its July 14, 2001 Staff Legal Bulletin No. 14). As in *Apache v. Chevedden*, 696 F. Supp. 2d at 740, "there are valid reasons to believe the [RTS] letter is unreliable as evidence of the shareholder's eligibility."

In addition, RTS is not listed in KBR's stock records as a registered or record holder of KBR stock. Nor is RTS listed on the DTC participant list (also called a "Cede breakdown"):

- KBR's Vice President – Public Law and Corporate Secretary Jeffrey B. King has reviewed the January 3, 2011 Certified List of Shareholders for KBR. *Neither Chevedden nor RTS appears on KBR's Certified List of Shareholders.* RTS's subsidiary Atlantic Financial Services of Maine, Inc. also does *not* appear on KBR's Certified List of Shareholders. *See* King Aff. at ¶ 5.

- Attached as X-13 is the January 31, 2011 Cede breakdown/DTC "Securities Position Report" for KBR. *Again, neither Chevedden nor RTS appears on the Cede breakdown.* RTS's subsidiary Atlantic Financial Services of Maine, Inc. also does *not* appear on the Cede breakdown. *See* King Aff. at ¶ 6.

- Chevedden has failed to meet his burden under Rule 14a-8(b)(2) to "*prove [his] eligibility to the company,*" and also has failed to satisfy the Rule's requirement that he "intend to continue to hold the securities through the date of the meeting of shareholder." *See also Apache v. Chevedden*, 696 F. Supp. 2d at 739.

Chevedden knows from this Court's opinion in *Apache v. Chevedden* that there are significant issues with RTS and with the RTS letter he used to try to establish eligibility. Chevedden's failure this time around to provide anything more than a near-identical letter from RTS – a letter he knows this Court has found legally insufficient – highlights Chevedden's failure to satisfy his burden of proof under Rule 14a-8(b)(2), and adds to the already considerable doubt about his purported status as a KBR shareholder.

Whether or not Chevedden truly is a holder of KBR common stock – there is more than ample reason to doubt that he is – he has failed to comply with Rule 14a-8(b)(2), failed to satisfy his burden to establish his eligibility to submit a proposal, and has failed to cure his defects after

7

timely being advised of them. KBR is entitled to a declaration that it properly may exclude Chevedden's proposal from KBR's proxy materials in accordance with Rule 14a-8(b) and (f).[5]

III.
Conclusion

This Court should declare that KBR properly may exclude Chevedden's proposal from KBR's proxy materials in accordance with Rule 14a-8(b) and (f) promulgated under the Securities Exchange Act of 1934.

Dated: February 25, 2011

Respectfully submitted,

/s/ Geoffrey L. Harrison
Geoffrey L. Harrison
Attorney-in-Charge
Texas State Bar No. 00785947
SD/TX Admissions No. 16690
Chanler A. Langham
Texas State Bar No. 24053314
SD/TX Admissions No. 659756
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, #5100
Houston, TX 77002
Telephone: (713) 653-7807
Facsimile: (713) 654-3367
E-mail: gharrison@susmangodfrey.com
E-mail: clangham@susmangodfrey.com

*Attorneys for Plaintiff KBR, Inc.*

---

[5] FRCP 54(d)(1) provides that "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." In *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985), the Fifth Circuit held that "the prevailing party is prima facie entitled to costs," and that a court "may neither deny nor reduce a prevailing party's request for cost without first articulating some good reason for doing so." *Id.* In the event this Court finds that KBR properly may exclude Chevedden's proposal from its proxy materials, KBR respectfully requests that the Court order costs of court against Chevedden in the amount of $2,623.16. *See* KBR's Bill of Costs and Langham Affidavit in Support of Bill of Costs. (X-12).

8

## Certificate of Service

I certify that on February 25, 2011, this pleading electronically was transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to ECF registrants. A copy of this pleading also is being provided to defendant Chevedden by email sent to the email address Chevedden has used to communicate with KBR, with KBR's counsel, with the SEC, and with the Court's Case Manager in this case: olmsted7p@earthlink.net.

/s/ Geoffrey L. Harrison
Geoffrey L. Harrison

9

1479737v1/012369