IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KBR, INC., | § § | |
| Plaintiff | § § | |
| v. | § § | Civil Action 4:11-cv-00196 |
| JOHN CHEVEDDEN | § § | |
| Defendant | § | |

DEFENDANT'S REPLY MEMORANDUM OF LAW FOR DISMISSAL FOR LACK OF STATUTORY STANDING, AND CONSTITUTIONAL STANDING PURSUANT TO FED. R. CIV. P. 12(b)(1) AND FAILURE TO JOIN AN INDISPENSIBLE PARTY PURSUANT TO FED. R. CIV. P. 12(b)(7).

United States Courts
Southern District of Texas
FILED

MAR   3  2011

, Clerk

There is an old legal aphorism: "If you have the facts on your side, pound the facts. If you have the law on your side, pound the law. If you have neither on your side, pound the table." The plaintiff's reply brief to the defendant's motions for dismissal is essentially an exercise in table pounding. Rather than acknowledge that "the jig is up" and voluntarily dismiss this action it has chosen to act in bad faith by filing a frivolous brief. Even worse, as described below, the plaintiff has resorted to an unethical attempt to deceive this court about the defendant's position. For that and other reasons, the defendant intends to move for sanctions pursuant to Fed. R. Civ. P. 11.

The plaintiff's reply brief fails to grapple with the defendant's assertion that the complaint does not allege an injury in fact. No amount of verbal table pounding can excuse the plaintiff's failure to articulate a concrete injury.[1] That failure is fatal to the plaintiff's attempt to pursue these proceedings. Without a concrete injury, this court cannot render anything but a prohibited advisory opinion.

## I. THE PLAINTIFF LACKS CONSTITUTIONAL STANDING.

In its initial brief, the defendant stated that the failure of the plaintiff to establish that any of the three tests set forth in *Lujan v. Defenders of Wildlife*, 504 U.S. at 560 (1992) are met requires dismissal. Astonishingly, the plaintiff's reply brief does not even address this crucial point.[2] Consequently, this court must dismiss this action due to lack of constitutional standing.

## II. THE PLAINTIFF LACKS STATUTORY STANDING.

---

[1] The plaintiff's failure to assert an injury in fact in its reply brief constitutes a violation of Fed. R. Civ. P. 11.

[2] The plaintiff's failure to acknowledge the *Lujan* tests constitutes a violation of Fed. R. Civ. P. 11.

Equally astonishing, the plaintiff's reply brief does not even mention *Alexander v. Sandoval*, 532 U.S. 275 (2001), the case in which the Supreme Court directed all federal courts to refuse to imply a private cause of action to enforce any federal statute unless it is statutorily intended.[3]

Faced with the almost insurmountable task of overcoming the Supreme Court's abandonment of what it referred to as the *ancien regime* under which courts liberally inferred a private right of action to enforce federal statutes, the plaintiff's reply brief relies solely on *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964) and several pre-*Sandoval* decisions that in turn relied on *Borak*. In *Borak*, the Court found that a stockholder that alleged a company had issued a false and misleading proxy statement had an implied private right of action because one of "chief purposes" of Section 14(a) is " 'the protection of investors,' which certainly implies the availability of judicial relief where necessary to achieve that result."

However, in *Sandoval*, the Court, while not expressly overruling *Borak*, rejected its reasoning[4] and indicated that courts should no longer use it as the basis of a finding of the existence of a private right of action to enforce federal statutes. Instead, it said, "Without [finding that the statutory intent is to create both a private right and a private remedy] a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." The Court left no doubt about the inappropriateness of a court applying *Borak* beyond the narrow context of a shareholder claiming an injury resulting from dissemination of a false or misleading proxy statement.

> Respondents would have us revert in this case to the understanding of private causes of action that held sway 40 years ago when Title VI was enacted. That understanding is

---

[3] The plaintiff's failure to mention and address *Sandoval* constitutes a violation of Fed. R. Civ. P. 11.

[4] In *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 286 F.3d 613 (2d Cir. 2002) the Court of Appeals for the 2nd Circuit noted the "now dubious analysis of *Borak.*"

2

captured by the Court's statement in *J. I. Case Co. v. Borak,* 377 U. S. 426, 433 (1964), that "it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose" expressed by a statute. We abandoned that understanding in *Cort v. Ash,* 422 U. S. 66, 78 (1975)--which itself interpreted a statute enacted under the *ancien regime*--and have not returned to it since. Not even when interpreting the same Securities Exchange Act of 1934 that was at issue in *Borak* have we applied *Borak*'s method for discerning and defining causes of action. See *Central Bank of Denver, N. A. v. First Interstate Bank of Denver, N. A., supra,* at 188; *Musick, Peeler & Garrett v. Employers Ins. of Wausau,* 508 U. S. 286, 291-293 (1993); *Virginia Bankshares, Inc. v. Sandberg, supra,* at 1102-1103; *Touche Ross & Co. v. Redington, supra,* at 576-578. Having sworn off the habit of venturing beyond Congress's intent, we will not accept respondents' invitation to have one last drink.

The plaintiff, despite being fully aware of this admonition, acts in bad faith by inviting this court to take another drink from *Borak*. It goes without saying that the court should refuse the invitation.

The plaintiff then improperly compounds its failure to acknowledge *Sandoval* by attempting to use the Declaratory Judgment Act to do an end run around it. Specifically, it cites two pre-*Sandoval* district court decisions to support the proposition that the DCA confers on a plaintiff a right to seek declaratory relief so long as the defendant has a private right to sue the plaintiff under the applicable statute.[5] This argument borders on the frivolous for several reasons. First, given the Supreme Court's aversion in *Sandoval* to finding an implied private right of action absent clear statutory intent, it is almost inconceivable that the Court would endorse such a loophole today to allow an issuer to obtain a declaratory judgment to eliminate the threat of a stockholder lawsuit alleging dissemination of a false or misleading proxy statement. But even that slim possibility is foreclosed because in this case the plaintiff is not seeking a declaration that its proxy statement is not false or misleading.

More importantly, like every lawsuit brought in federal court, a lawsuit brought pursuant to the DCA requires a "case of actual controversy" which does not exist unless the *Lujan* tests are met. In a case brought under the DCA, the plaintiff must establish the existence of an imminent threat

---

[5] The plaintiff also cites two irrelevant cases in the defendant did not raise and the court did not consider the question of statutory standing. They should be given no weight.

3

from the defendant. Rather than admit that the defendant has never posed any threat whatsoever to the plaintiff, it unconscionably quotes the defendant's words out of context so as to conjure up the existence of a threat:

> <u>Thus, in Chevedden's words, a KBR shareholder would have "statutory standing to bring an action to require [KBR] to include his proposal in its proxy materials,"</u> assuming that shareholder timely and properly proved his ownership of KBR shares and otherwise established the eligibility requirements. Since a KBR shareholder would have standing to enforce KBR's obligation to include a shareholder proposal in its proxy materials, KBR also has standing to bring this declaratory judgment action. *See Kansas City Power*, 747 F. Supp. at 762 ("If a declaratory judgment defendant could have brought an action in federal court to enforce its rights, then the federal court has jurisdiction over the declaratory judgment action brought by the plaintiff."). (Emphasis added)

This court should be at least as shocked as the defendant to compare that passage with what the defendant actually said in his initial brief:

> As noted in Section II above, no private party including the defendant has statutory standing to bring an action to require the plaintiff to include his proposal in its proxy materials and, in fact, the defendant has never threatened to, or brought, such an action against any issuer.

This is not mere negligence. It is clear that the plaintiff's intent was to have this court think that that the defendant made a statement in its initial brief whose meaning is exactly opposite to its true meaning. No explanation for this distortion is possible other than that the plaintiff attempted to deceive this court. If that deception does not merit sanctions under Fed. R. Civ. P. 11, nothing does.

### III. THE PLAINTIFF HAS FAILED TO JOIN AN INDISPENSIBLE PARTY.

FED. R. CIV. P. 19(a)(1)(A) states: "A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if in that person's absence, the court cannot accord complete relief among existing parties." The plaintiff asserts that it need not sue the Securities and Exchange Commission in order to obtain complete relief. Once again, the plaintiff's argument is fatally flawed at the outset because it has not

asserted that the defendant has threatened any injury. Even if, *arguendo*, the defendant did have a right to sue the plaintiff to compel it to include his proposal in its proxy materials -- and actually threatened to do so -- the SEC has an independent right to sue the plaintiff. Thus, it is frivolous to assert that the Commission is not an indispensable party to this action.

Section 21 of the Securities Exchange Act of 1934 (the "Act") grants the Commission the express authority to enforce Section 14 of the Act and all rules promulgated thereunder including Rule 14a-8. As a result, issuers routinely ask the staff of the Commission for assurance that it will not recommend that the Commission initiate an enforcement action if a particular Rule 14a-8 shareholder proposal is not included in their proxy materials.[6] Over the years, thousands of these "no action" requests have been processed by the staff. On the other hand, only a handful of issuers have eschewed the "no action" process and sought a formal declaratory judgment from a court.

If only the shareholder proponent is named as a defendant in a declaratory action and he defaults or loses for reasons that have nothing to do with merits, that is no reason to preclude the Commission from bringing an enforcement action. Hence, in order to obtain the relief the plaintiff purports to seek, it must name the Commission as a defendant. To hold otherwise would allow an issuer to eliminate the possibility of an SEC enforcement action by suing a small shareholder (like the defendant) for declaratory relief, knowing that he likely does not have the financial resources or economic incentive to mount as good a defense as the Commission would. A plaintiff represented by the same law firm as the plaintiff in this case got away with that ploy in a similar lawsuit against this defendant last year. But, two wrongs do not make a right and this court should tell the plaintiff to "pick on someone its own size," i.e., the Commission, if it

---

[6] Alternatively, if an issuer requires greater assurance of non-liability, it can petition the Commission itself for a declaratory order pursuant to Section 554(e) of the Administrative Procedure Act of 1946.

5

wants to eliminate future liability for its decision to exclude the defendant's proposal from its proxy materials .

Since the plaintiff has failed to join an indispensible party, i.e., the Securities and Exchange Commission, the court should dismiss this action pursuant to FED. R. CIV. P. 12(b)(7) and 19(a)(1).

### IV. THIS COURT MAY EXERCISE PERSONAL JURISDICTION OVER THE DEFENDANT.

Because the defendant believes the above grounds for dismissal are unassailable, he hereby withdraws his motion to dismiss for lack of personal jurisdiction and consents to the exercise of personal jurisdiction by this court.

### V. CONCLUSION

For all of the above reasons, the defendant respectfully requests this court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(7).

Dated: March 2, 2011

Respectfully submitted

*[signature]*

John Chevedden
Pro se
2215 Nelson Ave. No. 205
Redondo Beach, Calif. 90278
PH: 310-371-7872
olmsted7p@earthlink.net

Certificate of Service

I certify that on March 2, 2011 this motion was sent overnight to the Clerk of the Court. A copy of this motion is also being provided to Geoffrey L. Harrison, plaintiff's attorney.

*[signature]*

John Chevedden

7