**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KBR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0196 |
| | § | |
| JOHN CHEVEDDEN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

KBR filed a complaint seeking declaratory judgment that it may exclude a shareholder proposal by the defendant, John Chevedden, from its proxy materials for its May 2011 annual shareholders meeting. KBR moved for summary judgment that it may exclude Chevedden's proposal, and this court granted the motion. KBR has moved to tax as costs: (1) $350.00 in fees of the Clerk of Court; (2) $38.60 in fees and disbursements for printing; and (3) $2,255.26 in fees for service of summons and subpoena. (Docket Entry No. 21). Chevedden, who is *pro se*, has not objected.

Federal Rule of Civil Procedure 54(d) provides, in relevant part, that "[u]nless a federal statute, these rules or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs. *Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006). The costs listed in 28 U.S.C. § 1920 are recoverable under Rule 54(d) absent explicit statutory or contractual authorization to the contrary. *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*,

482 U.S. 437, 444-45 (1987). The district court otherwise has broad discretion to determine what costs are allowed. *Fogelman v. ARAMCO*, 920 F.2d 278, 285 (5th Cir.1991).

KBR's request for $350.00 for Clerk fees and $38.60 for printing fees and disbursements are compensable under § 1920. *See* 28 U.S.C. § 1920 ("a judge . . . may tax as costs . . . (1) fees of the clerk . . . [and] (3) fees and disbursements for printing"). KBR's motion to tax as costs $350.00 in Clerk's fees and $38.60 in printing fees and disbursements is granted.

KBR's request to tax as costs the $2,255.26 in fees for service of summons and subpoena of Chevedden, by contrast, is not necessarily reimbursable under § 1920, because KBR effectuated service through a private process server. (Docket Entry No. 6, Ex. 3). § 1920 authorizes the court to tax as costs "fees of the marshal," but does not explicitly authorize the court to tax as costs fees for private process servers. *Compare U.S. for Use & Benefit of Evergreen Pipeline Constr. Co. v. Merritt Meridian Constr. Corp.*, 95 F.3d 153, (2d Cir. 1996) (reasoning that while § 1920 authorizes the court to tax as costs "fees of the marshal," "the plain language of § 1920 clearly does not authorize the shifting of private process fees") *with Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. Apr. 4, 2002) ("[A] district court may tax costs for private process server fees to the extent that these private process server fees do not exceed the United States Marshal's fees."). In the Fifth Circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421 (5th Cir. June 16, 2010) (citing *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F,* 118 F.3d 245, 257 (5th Cir. 1997)); *see also Honestech, Inc. v. Sonic Solutions*, 725 F. Supp. 2d 573 (W.D. Tex. 2010) ("[B]ecause there was nothing exceptional about the parties or the nature of this case, the Court finds

the private process server fees are not properly taxable as costs.").[1] Some courts have found that "exceptional circumstances" include an inability to locate the defendant, difficulties in serving process, and a party's refusing service. *See Katz v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-4155, 2009 WL 3712588, at *2 (E.D. La. Nov. 4, 2009) (allowing party to tax private service as process because: (1) the defense expert could not be found at the address on his expert report and the defendant could not provide the expert's address; and (2) the plaintiffs had to make several attempts to serve other defense witnesses); *Interstate Contracting Corp. v. City of Dallas*, No. Civ. A. 3:98CV2913-M, 2002 WL 2366976, at *2 (N.D. Tex. Jan. 31, 2002) (noting that private service may be compensable when a party refuses services). *Cf. Roehrs v. Conesys, Inc.*, Civ. A. No. 3:05-CV-829-M, 2008 WL 755187, at *4 (N.D. Tex. Mar. 21, 2008) ("Defendants contend that the two witnesses in question were not parties to the case and insisted on formal subpoenas, but Defense

---

[1] The Fifth Circuit's decision in *Cypress–Fairbanks* created some confusion among district courts in this circuit that *Marmillion*—although an unpublished opinion—may clarify. In *Cypress-Fairbanks*, the Fifth Circuit found that the district court abused its discretion in awarding "$137.80 [in] cost attributable to the [defendant's] use of a private process server to serve both [the plaintiffs] and their attorney despite their counsel's having agreed to accept service on their behalf and not having objected to the use of service by mail" because the costs were "unnecessary." 118 F.3d at 257. *Cypress–Fairbanks* relied in part on a district court's rejection of fees for a private process server because (1) "there is no statutory authorization for awarding the fees of special process servers" and (2) "there was nothing exceptional about either the parties or the nature of this case that required the use of paid process servers." *Zdunek v. Washington Metro. Area Trans. Auth.*, 100 F.R.D. 689, 692 (D.D.C. 1983). Some district courts focused on *Zdunek*'s first rationale and interpreted *Cypress–Fairbanks* as a bar to recovering costs for private service of process under § 1920. *See JGT, Inc. v. Ashbritt, Inc.*, Civ. A. No. 1:09cv380WJG-JMR, 2011 WL 1323410, at *8 (S.D. Miss. Apr. 5, 2011) ("Private process server fees are not recoverable as fees of the clerk and marshal under section 1920."); *Halliburton Energy Servs., Inc. v. M-I* LLC, 244 F.R.D. 369, 371 (E.D. Tex. 2007) ("Private process server fees are not recoverable fees of the clerk and marshal under § 1920."); *Watkins v. Input/Output, Inc.*, 531 F. Supp. 2d 777, 787 (S.D. Tex. 2007) ("[P]rivate process server fees are not recoverable fees of the clerk and marshal under § 1920."). Other district courts focused on *Zdunek*'s second rationale and held that costs for private service of process are compensable but only when private service is "necessary" or "exceptional" circumstances are present. *See Katz v. State Farm Fire & Cas. Co.*, Civ. A. No. 06-4155, 2009 WL 3712588, at *2 (E.D. La. Nov. 4, 2009) (finding private service compensable because the defendant could not be located). *Marmillion* appears consistent with the latter reading of *Cypress–Fairbanks*.

counsel has not demonstrated that either Mr. Mullet or Amphenol, Inc. refused to accept service of the subpoenas, which is required for a showing of exceptional circumstances.").

KBR's motion does not itself provide a basis to support its entitlement to tax as costs private service of process. In a brief filed in support of a different motion, KBR has asserted and produced evidence that it attempted service on Chevedden nine times between January 22 and January 30, 2011. (Docket Entry 6, Ex. 1–7). KBR may supplement its motion to recover the costs of the private process server by May 4, 2011. Chevedden may file objections by May 13, 2011.

SIGNED on April 29, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge