IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KBR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0196 |
| | § | |
| JOHN CHEVEDDEN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

**I.     Background**

KBR sought a declaratory judgment that it could exclude a shareholder proposal submitted by the defendant, John Chevedden, from the proxy materials for the May 2011 annual shareholders meeting. (Docket Entry No. 1). Chevedden moved to dismiss the complaint on the grounds that this court did not have personal jurisdiction over him; venue was improper in Houston, Texas; KBR did not have standing to pursue a declaratory judgment; and KBR had failed to join a necessary party, the S.E.C. (Docket Entries No. 9, 13). KBR moved for summary judgment. (Docket Entry No. 8). In two prior orders, this court denied Chevedden's motions to dismiss and granted KBR's motion for summary judgment. (Docket Entries No. 17, 24). Chevedden has filed four motions for reconsideration, (Docket Entries No. 25, 28, 31, 32), and a motion to clarify a statement this court made in a previous order, (Docket Entry No. 31). This court grants the motion to clarify and denies the motions for reconsideration, for the reasons set out below.

**II.     Discussion**

In the first motion for reconsideration, Chevedden challenges this court's ruling that the S.E.C. is not an indispensable party to this action. (Docket Entry No. 25, at 3). Chevedden argues that "numerous assertions made by the plaintiff in its additional brief on jurisdiction . . . constitute compelling support for finding that the plaintiff must sue the Securities and Exchange Commission in order to obtain the complete relief it seeks, i.e., to eliminate liability for its decision to exclude the defendant's proposal from its proxy materials." (*Id.*). In particular, Chevedden points to KBR's statement that Chevedden's promise not to sue KBR if it chooses not to include his proposal in its proxy statement does not eliminate the controversy between the parties because "KBR still confronts the dilemma of having to include Chevedden's defective proposal in order to avoid a potential SEC enforcement action." (Docket Entry No. 23, at 8).

Federal Rule of Civil Procedure 19 "governs compulsory party joinder in federal district courts." *E.E.O.C. v. Peabody Western Coal Co.*, 610 F.3d 1070, 1077 (9th Cir. 2010). "A court first determines which parties must be joined under the criteria of Rule 19(a). Then, if a party that meets the criteria cannot be joined, the court must decide 'whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Lyon v. Gila River Indian Community*, 626 F.3d 1059, 1067 (9th Cir. 2010) (internal citation omitted) (quoting FED. R. CIV. P. 19(b)). Chevedden does not explain how the above statement in KBR's brief reveals that the S.E.C. is a necessary party under Rule 19(a). He explains neither how, in the S.E.C.'s absence, this court "cannot accord complete relief among existing parties," nor how proceeding without the S.E.C. would "impair or impede" the S.E.C.'s ability to protect its "interest related to the subject of the action." FED. R. CIV. P. 19(a). As this court previously explained, "KBR's declaratory judgment against Chevedden does not necessarily preclude . . . the S.E.C. . . . from challenging the exclusion

2

of Chevedden's proposal." (Docket Entry No 24, at 5). Chevedden's first motion for reconsideration is denied.

In the second motion, Chevedden reurges his argument that the declaratory judgment suit against him became moot when he promised not to sue if KBR excluded his proposal from the proxy materials sent to shareholders. (Docket Entry No 28). Citing *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340 (Fed. Cir. 2007), Chevedden argues that "if the only relief sought by a plaintiff seeking a declaratory judgment is to remove its apprehension of an imminent lawsuit by the defendant, an unconditional covenant not to sue is 'sufficient to divest the court of jurisdiction.'" (*Id.*, at 4). As this court explained in a previous order, Chevedden refused to withdraw his shareholder proposal and continued to demand that KBR include it in the proxy materials. (Docket Entry No. 24, at 7). Though Chevedden indicated he would not sue KBR if it did not do so, Chevedden's pending shareholder proposal still required KBR to decide whether it had to include the proposal in the proxy materials for the annual shareholder meeting and exposed KBR to any legal consequences of the decision. Chevedden's statement that he would not sue KBR did not fully resolve the controversy between the parties. The second motion for reconsideration is denied.

In the third motion, Chevedden asks this court to clarify a statement made in a March 9, 2011 order and to reconsider its ruling that section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") provides a private cause of action to enforce S.E.C. Rule 14a-8. (Docket Entry No. 31). This court's order stated:

> As the D.C. Circuit stated in *Roosevelt*, the Supreme Court's decision in *Sandoval* does not establish that there is no private right of action under section 14(a) to enforce S.E.C. Rule 14a-8. Rule 14(a) has "rights-creating" language. Unlike section 602 of Title VI, which provides for agency enforcement, section 27 of the Exchange Act directs courts to enforce the rights and duties created by the Act. The

>statutory features behind the Supreme Court's decision in *Sandoval* are not present here.

(Docket Entry No. 17, at 15). Chevedden argues that because there is no Rule 14(a), this court should clarify whether it meant to say that Rule 14a-8 has "rights-creating" language. (Docket Entry No. 31, at 2). Assuming that this court relied solely on Rule 14a-8's "rights-creating" language in holding that section 14(a) of the Exchange Act provides a private right of action to enforce Rule 14a-8, Chevedden asks this court to reconsider its ruling. (*Id.*) Relying on *Alexander v. Sandoval*, 532 U.S. 275 (2001), Chevedden argues that a regulation interpreting a statute may not create a private right of action that the statute has not created. (*Id.*). The motion to clarify is granted. The March 9, 2011 order should have stated that "section 14(a) of the Exchange Act"—and not "Rule 14(a)"—has "rights-creating" language.

In his fourth motion, Chevedden again asks this court to reconsider its ruling that section 14(a) of the Exchange Act provides a private cause of action to enforce S.E.C. Rule 14a-8. (Docket Entry No. 32). The motion for reconsideration is denied. In ruling that section 14(a) provides a private right of action to enforce S.E.C. Rule 14a-8, this court followed *Roosevelt v. E.I. Du Pont de Nemours & Co.*, 958 F.2d 416 (D.C. Cir. 1992). *Roosevelt* acknowledged "the primacy of the statutory text to any decision recognizing a private right of action," *id.* at 421, and held that "[c]onsistent with congressional intent and Supreme Court case law, . . . a private right of action is properly implied from section 14(a)" of the Exchange Act, *id.* at 417.

In its March 9, 2011 order, this court stated that "Chevedden has cited no authority to support his contention that *Sandoval* gives reason to doubt the 'well-settled' proposition that section 14(a) provides a private cause of action to enforce Rule 14a-8." (Docket Entry No 17, at 16). Chevedden's motion for reconsideration states that "the defendant has found a post-*Sandoval* case

that convincingly repudiates the validity of that formerly 'well-settled' proposition." (Docket Entry No. 32, at 3). Relying on footnote 9 in *Wisniewski v. Rodale, Inc.*, 510 F.3d 294 (3d Cir. 2007), Chevedden contends that "*Roosevelt* . . . must be relegated to the legal dustbin that the Supreme Court in *Sandoval* called 'the *ancien regime*.'" (*Id.*). Footnote 9 in *Wisniewski* explains that the approach articulated by the Supreme Court in *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964), for determining whether a statute creates an implied private right of action is no longer good law. In *Borak*, the Supreme Court stated that "it is the duty of the courts to be alert to provide such remedies as are necessary to make effective the congressional purpose." 377 U.S. at 433. *Roosevelt* did not apply the obsolete *Borak* approach. Rather, in *Roosevelt*, the D.C. Circuit emphasized "the primacy of the statutory text to any decision recognizing a private right of action," *Roosevelt*, 958 F.2d at 421, and concluded that "in view of Congress' intent that section 14(a) have real force, relevant judicial precedent, and the agency's view of the private right, . . . shareholders may seek appropriate declaratory and injunctive relief when management refuses to distribute their proposals," *id.* at 425. Chevedden's fourth motion for reconsideration is denied.[1]

---

[1] In addition to the four motions for reconsideration, Chevedden also filed a letter advising the court that "to the extent [it] relied upon SEC Rule 14a-11 in determining what is sufficient proof of stock ownership in connection with a Rule 14a-8 proposal, that reliance now appears to be in doubt." (Docket Entry No. 34, at 1). Chevedden cites *Business Roundtable v. SEC*, 647 F.3d 1144 (D.C. Cir. 2011), in which the D.C. Circuit vacated Rule 14a-11 because the SEC "acted arbitrarily and capriciously" in promulgating the rule "for having failed once again . . . [to] adequately . . . assess the economic effects of a new rule." *Id.* at 1148. Though Rule 14a-11 buttressed this court's conclusion that Chevedden did not submit sufficient proof of stock ownership with his Rule 14a-8 proposal, Rule 14a-11 was not necessary to the holding. *Apache Corp. v. Chevedden*, 696 F. Supp. 2d 723 (S.D. Tex. 2010), reached the same result and was decided before the S.E.C. promulgated Rule 14a-11.

## III.   Conclusion

The motion to clarify is granted. The motions for reconsideration are denied.

SIGNED on December 5, 2011, at Houston, Texas.

                                                Lee H. Rosenthal
                                         United States District Judge