IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KBR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0196 |
| | § | |
| JOHN CHEVEDDEN, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

KBR sued seeking a declaratory judgment that it could exclude a shareholder proposal submitted by the defendant, John Chevedden, from the proxy materials for the May 2011 annual shareholders meeting. KBR filed a motion for summary judgment, and this court granted the motion. KBR then moved to tax as costs: (1) $350.00 in fees of the Clerk of Court; (2) $38.60 in fees and disbursements for printing; and (3) $2,255.26 in fees for service of summons. (Docket Entry No. 21).

On April 29, 2011, this court granted KBR's motion for costs in part, holding that the $350.00 in fees of the Clerk of Court and the $38.60 in printing fees were covered under 28 U.S.C. § 1920 and awarding KBR these costs. *See* 28 U.S.C. § 1920 (stating that "[a] judge . . . may tax as costs . . . (1) fees of the clerk . . . [and] (3) fees and disbursements for printing"). But the court held that it could not grant the motion to tax as costs the $2,255.26 in fees for service of summons on the basis of the then-existing record because this amount was not necessarily reimbursable under § 1920. (Docket Entry No. 29). Though the statute allows the court to tax as costs "[f]ees of the . . . marshal," 28 U.S.C. § 1920, KBR used a private process server to serve Chevedden. In the Fifth

Circuit, "absent exceptional circumstances, the costs of a private process server are not recoverable under Section 1920." *Marmillion v. Am. Intern. Ins. Co.*, 381 F. App'x 421 (5th Cir. June 16, 2010) (citing *Cypress–Fairbanks Indep. Sch. Dist. v. Michael F,* 118 F.3d 245, 257 (5th Cir. 1997)) Because KBR's motion for costs did not "provide a basis to support its entitlement to tax as costs private service of process," the court allowed KBR to supplement its motion and Chevedden to respond. (Docket Entry No. 29, at 4). KBR has filed a supplemental brief, (Docket Entry No. 30), and submitted evidence in support of its motion. Chevedden has filed objections to KBR's motion for the costs of the private process server. (Docket Entry No. 33).

The evidence submitted reveals that KBR hired a private process server. This individual tried to serve Chevedden at his residence in Redondo Beach, California nine times in January 2011: on January 22, 23 (twice), 25, 27, 28 (twice), 29, and 30. (Docket Entries No. 30-5 & 30-6). The process server's notes indicate that no one ever answered the door. On seven of the nine occasions, the process server observed no activity inside the house. On the first service attempt on January 23, the process server heard a television and some noise in the house, but was unable to tell who was inside or what caused the noise. On the second service attempt on January 23, the lights were on inside the house, but the process server, who "stood outside for a couple of minutes," did not observe any "shadows or movement from the curtains." (Docket Entry No. 30-5, at 2). On January 31, 2011, KBR's counsel sent Chevedden an email informing him that service had been attempted at his residence nine times. The email stated: "Please let me know what time today or tomorrow would be convenient for you, and I'll arrange for a process server to be at your home, or at some other convenient place you designate if you prefer." (Docket Entry No. 30-8, at 2). Chevedden replied by email twice that same day. In the first reply, Chevedden stated that he would "advise on

2

Tuesday morning regarding arrangements for service."[1]  (Docket Entry No. 30-9, at 2).  In the second reply, Chevedden asked KBR's counsel to "[d]eliver only this one item to 2110 Artesia Bl., # B, 90278 on Tuesday."  (Docket Entry No. 30-10, at 2).  This was the address of a UPS Store close to Chevedden's residence.  (Docket Entry No. 30-7, at 3)

On Tuesday, February 1, 2011, the process server delivered the summons and complaint to the UPS Store.  Paul Pederson, the store owner, stated that he would accept service on Chevedden's behalf and signed a copy of the summons.  (*Id.*, at 4).  Pederson then called Chevedden and told him that Pederson had received the package Chevedden was expecting.  (*Id.*).  After Pederson accepted service on Chevedden's behalf, the process server waited outside the UPS Store so she could personally serve Chevedden.  (*Id.*).  Chevedden arrived at the store two hours later.  The process server tried to serve Chevedden after he exited the store.  (*Id.*).  Chevedden did not respond to the process server and kept walking.  The process server then "placed the documents behind [Chevedden's] neck and the upper part of his back."  (*Id.*).  According to the process server, "at that point [Chevedden] swung around with his right hand tossing my phone and documents into the air and causing my body to twist and fall to my knees and ground, injuring myself and causing cosmetic damage to my blackberry torch."  (*Id.*).  Chevedden then walked away, leaving the documents the process server had tried to put behind his neck on the ground.  (*Id.*).

KBR has also submitted evidence of attempts to serve Chevedden in 2010 in another case.  In *Apache Corp. v. Chevedden*, Case No. H–10–0076 (S.D. Tex. 2010), Apache tried to serve Chevedden at his home in Redondo Beach.  In the return of service filed with this court, the process

---

[1] Shortly before KBR's counsel emailed Chevedden, a process server made a tenth delivery attempt at Chevedden's residence.  No one answered the door.  The process server then began a "stakeout" in front of Chevedden's apartment complex.  KBR's counsel called off the "stakeout" when he received Chevedden's first email reply.  (Docket Entry No. 30-7).

3

server declared that Chevedden "identified himself through closed door. He refused to take papers in hand or open the door and service was announced in a loud and clear voice." (Docket Entry No. 30-2, at 2). The process server left the documents at the door. (Docket Entry No 30-3, at 2). This court later held that Chevedden had been properly served.

KBR argues that Chevedden's past history of evading service and his continued attempts to evade service in this case establish exceptional circumstances that justify taxing the private process server costs. (Docket Entry No. 30, at 7). Chevedden denies that he evaded service and argues that had KBR emailed him earlier to ask "if he would accept service, he could have readily agreed to do so and the plaintiff would not have incurred the process server costs it now asks to be borne by the defendant." (Docket Entry No 33, at 3).

Though the issue is close, the record does not support a finding of exceptional circumstances that would warrant taxing the private process server costs against Chevedden. When it hired the private process server, KBR knew where Chevedden lived. The process server's notes in this case do not establish that Chevedden was hiding inside his residence during the service attempts. The process server did not observe any activity inside the house except on January 23, and then she could not confirm whether Chevedden was inside. Chevedden's same-day reply to KBR's January 31 email supports his contention that he was not evading service. Chevedden instructed KBR to deliver the complaint and summons to a UPS Store the following day. When the process server arrived at that store, the store owner informed her that he was accepting service on Chevedden's behalf and signed for the summons and the complaint. The process server's description of Chevedden's reaction to her subsequent effort to serve him personally does not show exceptional circumstances. The description of the process server's own conduct in placing the "documents behind his neck and

the upper part of his back" makes it difficult to conclude that Chevedden's reaction was an "assault and battery," as the process server contended, amounting to exceptional circumstances. Given the lack of conclusive evidence that Chevedden was evading service and Chevedden's prompt response to KBR's request for instructions on how service could be accomplished, the circumstances of this case are not exceptional as required to tax the private process server costs against Chevedden.[2]

KBR's motion to tax the private process server costs against Chevedden is denied. By **December 12, 2011**, KBR must file a proposed final judgment order.

SIGNED on December 5, 2011, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

---

[2] The cases KBR cites in support of its motion do not compel a different conclusion. None involve a prompt email reply with instructions on how to accomplish service.