**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| KBR, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-11-0196 |
| | § | |
| JOHN CHEVEDDEN, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

This court granted summary judgment for KBR and against John R. Chevedden, and entered final judgment in April 2011.  The Fifth Circuit affirmed that decision in June 2012 and issued its mandate.  *KBR v. Chevedden*, 478 F. App'x 213 (5th Cir. 2012).  In January 2013, Chevedden moved to have the judgment vacated under Rule 60(b)(4) of the Federal Rules of Civil Procedure. Chevedden based his motion on *Already, LLC v. Nike, Inc.*, — U.S. —, 133 S. Ct. 72l (2013).  He later moved for leave to file a supplemental brief to discuss another recently issued Supreme Court decision, *Clapper v. Amnesty Int'l USA*, — U.S. — , 133 S. Ct. 1138 (2013).  (Docket Entry Nos. 49, 52).  KBR opposed the motion to set aside the judgment.  (Docket Entry No. 50).

Based on the record; the motions, response, and reply; and the applicable law, this court finds that Rule 60(b)(4) does not provide a basis for the relief Chevedden seeks.  His motion to set aside the judgment is denied.  Because this court does not need to, and does not, decide whether the analysis or outcome would have changed if the recent Supreme Court case law had been in effect before the judgment became final, the motion for leave to file supplemental authority is also denied. Finally, KBR's motion for sanctions is denied.

The reasons for these rulings are explained below.

## I.    Background

KBR sued Chevedden for a declaratory judgment that it could exclude his proposal from its 2011 proxy materials.  Chevedden moved to dismiss on several grounds, including that KBR lacked standing to sue him.  On March 9, 2011, this court held that "KBR has met its burden to show standing," and "may exclude Chevedden's proposal from its 2011 proxy materials." (Docket Entry No. 17 at 18).  On March 14, 2011, Chevedden filed an amended motion to dismiss and included a statement that "he will not sue [KBR] if it elects to exclude his proposal from its proxy materials and his decision not to sue is irrevocable."  (Docket Entry No. 18).  KBR opposed Chevedden's motion and moved for summary judgment.  In ruling on these motions, and Chevedden's subsequent motion for reconsideration, this court rejected Chevedden's arguments that KBR lacked standing and that his statement made KBR's suit against him moot.  This court applied the relevant law, including *MedImmune*, *Inc. v. Genentech, Inc.*, 549 U.S. 118, 137 (2007), which held that a patent licensee could seek a declaration that the patent was invalid without first exposing itself to an infringement suit by withholding payments due under its licensing agreement with the patent holder. Under these cases, Chevedden's statement did not eliminate the controversy because he had not withdrawn his proposal and continued to demonstrate a willingness to enforce his rights.

Chevedden appealed.  The Fifth Circuit affirmed this court's grant of KBR's summary judgment motion.  *KBR v. Chevedden*, 478 F. App'x 213 (5th Cir. 2012).  On appeal, Chevedden argued, as he did before this court and does again now, that "the dispute lacks sufficient immediacy and reality to be a justiciable dispute under the Declaratory Judgment Act."  *Id.* at 214.  The Fifth Circuit rejected Chevedden's argument and explained that because his proposal required KBR to choose between spending a significant sum to revise its proxy statement or excluding Chevedden's

proposal and exposing itself to potential litigation, there was a justiciable dispute between the parties. *Id.* at 215. Chevedden also argued, as he did before this court and does now, that "any possibility of litigation stemming from a decision to exclude his proposal is vitiated by his stipulation that he would not sue if KBR chose that course." *Id.* The Fifth Circuit rejected this argument, noting that Chevedden "continued to refuse to withdraw his proposal." *Id.* at 214–15. The Fifth Circuit explained that excluding Chevedden's proposal would continue to "implicate KBR's duties to all of its shareholders" and "could expose KBR to an SEC enforcement action." *Id.* The Fifth Circuit affirmed eight months before Chevedden filed this motion to set aside the final judgment, denied the petition for rehearing, and issued its mandate. Chevedden ended his direct appeals at that point.

Chevedden now argues that two recent Supreme Court cases on standing and mootness, *Already* and *Clapper*, provide a basis for collateral relief under Rule 60(b).

## II.    Analysis

Rule 60(b)(4) of the Federal Rules of Civil Procedure states that a court may relieve a party from a final judgment if it is "void." FED. R. CIV. P. 60(b)(4). Voidness may be based on lack of subject matter jurisdiction, if the "rendering court was powerless to enter the judgment, plainly usurped its power, or acted in a manner inconsistent with due process of law." *V.T.A., Inc. v. Airco, Inc.*, 597 F.2d 220, 224–25 (10th Cir. 1979); *see also Carter v. Fenner*, 136 F.3d 1000, 1006 (5th Cir. 1998) (stating that "[a] judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or it acted in a manner inconsistent with due process of law." (quotation marks, brackets, and citation omitted)). Courts agree that, "[i]n the interest of finality, the concept of setting aside a judgment on voidness grounds is narrowly restricted," *V.T.A.*, F.2d at

225, because of the tension between validity and finality in judgments. RESTATEMENT (SECOND) OF JUDGMENTS § 12 cmt. a (1982); *see also In re Ziebarth*, 1995 WL 153207, at *2 (5th Cir. Mar. 27, 1995) ("[I]n the sound interest of finality, the concept of void judgment must be narrowly restricted." (citation, brackets, and quotation marks omitted)).

The tension between finality and voidness is reflected in the rule that when the asserted defect that makes the judgment "void" is a lack of subject matter jurisdiction, Rule 60(b)(4) cannot be used for a collateral challenge when the court's exercise of jurisdiction was an error of law in determining whether it had jurisdiction, as opposed to a clear usurpation of power by that court. *See Picco v. Global Marine Drilling Co.*, 900 F.2d 846, 850 (5th Cir. 1990) (holding that a party is "barred from challenging the district court's jurisdiction in a Rule 60(b)(4) proceeding" if "the challenging party was before the court when the order in question was entered and had notice of it and had a full and fair, unimpeded opportunity to challenge it, and the court's jurisdiction, by appeal."); *see also Wendt v. Leonard*, 431 F.3d 410, 413 (4th Cir. 2005) ("[W]hen deciding whether an order is void under Rule 60(b)(4) for lack of subject matter jurisdiction, courts must look for the rare instance of a clear usurpation of power." (quotation marks and citations omitted)); *Hunter v. Underwood*, 362 F.3d 468, 475 (8th Cir. 2004) ("A Rule 60(b)(4) motion to void the judgment for lack of subject matter jurisdiction will succeed only if the absence of jurisdiction was so glaring as to constitute a total want of jurisdiction or a plain usurpation of power so as to render the judgment void from its inception." (quotation marks and citations omitted)); *United States v. Tittjung*, 235 F.3d 330, 335 (7th Cir. 2000) (holding that Rule 60(b)(4) is not available to challenge collaterally a district court's jurisdictional error unless the error is "egregious"); *Gschwind v. Cessna Aircraft Co.*, 232 F.3d 1342, 1346 (10th Cir. 2000) (explaining that for a judgment to be void for lack of

4

subject-matter jurisdiction under Rule 60(b)(4) "[t]here must be no arguable basis on which [the court] could have rested a finding that it had jurisdiction." (quotation marks and citation omitted)).

Chevedden did not file a direct attack on the judgment after the Fifth Circuit affirmed it. The judgment became final, and the case was closed. The final judgment and the expiration of the time for seeking rehearing or certiorari made subsequent attacks on subject matter jurisdiction collateral. Such a collateral attack cannot be made under Rule 60(b)(4) when, as here, the asserted flaw is that the court erred in deciding that it had subject matter jurisdiction, an error established not by the case law in effect when this court and the appellate court ruled, but decided months later. The fact that Chevedden's argument is based on later-issued decisions makes it even more clear that this court and the appellate court did not "usurp power to act," but, at most, erroneously applied the law as clarified by subsequent authority.[1]

There is no need to address whether, had the Supreme Court issued its recent decisions on standing and mootness before the judgment in this case had become final instead of months later, the trial and appellate court rulings on jurisdiction might have been different. KBR has explained

---

[1] The issue is not, as Chevedden states, framed in terms of "law of the case." Rather, the issue is presented in terms of finality and preclusion. *See* 18B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 4478 (2d ed. 1995 & Supp. 2005) ("After final judgment, direct relief from the judgment is governed by the rules governing direct and collateral attack—principally found in Civil Rule 60(b) and habeas corpus and the procedure to vacate a criminal sentence—rather than law of the case . . . ."); *see also Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702 n. 9 (1982) ("It has long been the rule that principles of res judicata apply to jurisdictional determinations—both subject matter and personal."). A "court has the authority to pass upon its own jurisdiction and its decree sustaining jurisdiction against attack, while open to direct review, is res judicata in a collateral attack." *Chicot Cnty. Drainage Dist. v. Baxter State Bank,* 308 U.S. 371, 377 (1940); *see also Bostwick v. Baldwin Drainage District,* 133 F.2d 1, 4 (5th Cir. 1943) ("[S]tanding as a complete barrier to appellants' attack upon the judgment as void is the express determination and adjudication by the court that it had jurisdiction"). "[A] Court's determination that it has jurisdiction of the subject matter is binding on that issue, if the jurisdictional question actually was litigated and decided, or if a party had an opportunity to contest subject-matter jurisdiction and failed to do so." 11 WRIGHT & MILLER § 2862.

why, in its view, *Nike* does not change the outcome.  Because Chevedden is barred from raising the challenge collaterally, there is no need to address KBR's arguments or allow the parties to brief in more detail any effect that *Clapper* might have had on the jurisdictional analysis.

KBR seeks sanctions for Chevedden's allegedly frivolous Rule 60(b)(4) motion.  Rule 11 of the Federal Rules of Civil Procedure "prohibits filings made with 'any improper purpose,' the offering of 'frivolous' arguments, and the assertion of factual allegations without 'evidentiary support' or the 'likely' prospect of such support."  *Young v. City of Providence ex rel. Napolitano*, 404 F.3d 33, 39 (1st Cir. 2005) (citing FED. R. CIV. P. 11(b)(1)).  The rule requires that a motion for sanctions "be made separately from any other motion" and be served on the opposing party 21 days before it is filed with the court.  FED. R. CIV. P. 11(c)(2).  There is no indication that KBR served its request for sanctions on Chevedden 21 days before filing.   KBR's motion for sanctions under Rule 11 is denied.

## III.   Conclusion

Chevedden's motion to set aside the judgment is denied.  His motion for leave to file a supplemental brief is denied as moot.  KBR's motion for sanctions under Rule 11 is denied.

SIGNED on July 12, 2013, at Houston, Texas.

Lee H. Rosenthal
United States District Judge